IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON, subscribing to Policy Number GW4001,<br><br>Plaintiff,<br><br>v.<br><br>TWO CANOES, LLC and DRE HEALTH CORPORATION<br><br>Defendants. | Case No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff Certain Underwriters at Lloyds, London subscribing to Policy Number GW40001 ("Certain Underwriters"), by and through their undersigned counsel and states as follows for its Complaint for Declaratory Judgment:

**INTRODUCTION**

1. This action seeks a declaratory judgment that no coverage is afforded under the policy of insurance issued by Certain Underwriters to Two Canoes, LLC ("Two Canoes") for the claims asserted against them by DRE Health Corporation ("DRE") in the matter styled *DRE Health Corporation v. Two Canoes, LLC*, in the United States District Court for the Western District of Missouri, Case No. 4:21-cv-00936-RK (the "Underlying Lawsuit").

**THE PARTIES**

2. Plaintiffs ("Underwriters") are insurers who do business in the London Insurance Market and who issued or participated in, or subscribed to an agreed percentage share of the risk, of the insurance policy identify herein. The subscribing syndicates of Underwriters are made up of subscribers of which no subscriber is a United States company.

1

3. Two Canoes is a Delaware limited liability company with its principal place of business in the State of New York.

4. Upon information and belief, DRE is a Missouri domestic for-profit corporation with its global headquarters located at 5700 West 112th Street, Suite 300, Overland Park, Kansas 66211.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1332 and 2201. This action involves a declaratory judgment between citizens of different states. The amount in controversy also exceeds $75,000, whether viewed from the perspective of Plaintiff or Defendants. Defendant DRE claims liability on the part of Two Canoes for an amount in excess of $1,768,700., The cost to Certain Underwriters of having to defend Two Canoes against DRE's claims will exceed $75,000.

6. Venue is proper because the plaintiff in the Underlying Lawsuit, DRE, upon information and belief, is a Missouri domestic for-profit corporation with its global headquarters located at 5700 West 112th Street, Suite 300, Overland Park, Kansas 66211.

## FACTUAL BACKGROUND

7. DRE is in the business of wholesale and distribution of medical supplies and equipment. On or about November 5, 2020, DRE sought purchase of vinyl examination gloves (the "Gloves") from Two Canoes for resale to medical professionals and facilities by submitting a Purchase Order to DRE.

8. As part of its Purchase Order, DRE requested the gloves be manufactured by Shijazhuang Hongray Group ("Hongray").

9. On or about November 5, 2020, DRE expressed to Two Canoes its intent to repackage the Gloves upon receipt.

10. On November 6, 2020, Two Canoes confirmed receipt of DRE's Purchase Order and invoiced DRE for $1,768,700 worth of the Gloves (in various sizes from S to XL).

11. On November 9, 2020, DRE wired the $1,768,700 to Two Canoes upon receipt of the Gloves at its bonded warehouse in China.

12. Upon receipt of the Gloves, DRE inspected the Gloves before shipping them to warehouses and customers in the United States.

13. Between receipt of the Gloves and shipping the Gloves to customers, DRE repackaged the Gloves by, but not limited to, affixing the DRE name and logo to the boxes containing the Gloves.

14. After delivery of the Gloves to its customers, DRE began to receive complaints that the Gloves were defective. In the Underlying Lawsuit, DRE alleges the Gloves were defective, counterfeit, contaminated with foreign items, not created in standard sizes, did not meet durability standards, and unfit for medical or marketable use.

15. On November 10, 2021, DRE filed suit against Two Canoes in Jackson County, Missouri. The case was then removed to the United States District Court for the Western District of Missouri. A true and accurate copy of the initial Petition is attached hereto as **Exhibit B**.

## THE POLICY

16. Underwriters issued a commercial general liability policy of insurance, Policy No. GW4001, to named insured Two Canoes, LLC for a policy period beginning June 17, 2020 and ending June 17, 2021 (the "Policy"). A true and accurate copy of the Policy is attached hereto as **EXHIBIT A**.

17. The Policy has a general aggregate limit of $2,000,000, with a $1,000,000 limit for each occurrence as defined by the Policy. (Ex. A at Form VP300 10 14, Commercial General Liability Coverage Part – Occurrence Form Common Certificate Declarations).

18. The insuring agreement for the Policy, in relevant part, provides:

**SECTION I – COVERAGES**

\* \* \*

**1. Insuring Agreement**

   **a.** We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

\* \* \*

(Form CG 00 01 04/13, Section I—Coverages, Coverage A – Bodily Injury and Property Damage Liability, 1. Insuring Agreement, p.1).

19. The Policy defines "property damage" as: (a) physical injury to tangible property including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or (b) loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it. (Form CG 00 01, Definitions, Section V.17(a)-(b), p. 19).

20. The Policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Form CG 00 01, Definitions, Section V.13, p. 18).

21. The Policy includes a Specified Products Liability Restriction, which provides:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE

PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE

Under **Section 1 – Coverage A Bodily Injury and Property Damage Liability and Coverage B Personal and Advertising Injury Liability**, the coverage provided by this policy with respect to the handling or use of, the existence of any condition in, or products manufactured, sold, handled or distributed by you will apply only with respect to the following specified products. In the event of a change of any of the following specified products or in the event coverage is requested for additional products during the policy period, you agree to submit a description of such change in its formulation and a description of any such additional products, and a list of the ingredients of such reformulated or new products. Coverage for such reformulated or new products will be provided only by endorsement to this policy. We do not cover claims, loss, costs, or expense arising from any product(s) other than as specified in this endorsement.

**SCHEDULE OF SPECIFIED PRODUCTS**

| Brand or Trade Name | Product Description |
|---|---|
| Two Canoes, LLC | Isolation Gown, Nitrile Gloves; Face Masks and Respirators in compliance with United States Food & Drug Administration's Temporary Policy for Preparation of Certain Face Masks and Respirator Products During the Public Health Emergency (COVID-19) Guidance for Industry |

(Form VP303 10 14).

22. The Policy includes an Additional Insured—Vendor Endorsement, which, in relevant part, provides:

**Additional Insured – Vendor Endorsement**

This endorsement modifies insurance provided under the following:

> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM

**SCHEDULE**

5

| Name of Additional Insured Person(s) or Organization(s) (Vendor) | Your Products |
|---|---|
| Any vendor of products covered by this policy but only for product defect claims where said vendor had no involvement in the creation of the alleged defect and there are no allegations of independent wrongdoing | Products Specified Within the Policy |

\* \* \*

**B.** With respect to the insurance afforded to these vendors, the following additional exclusions apply:

    **1.** The insurance afforded the vendor does not apply to:

\* \* \*

        d. repackaging, except when unpacked solely for the purpose of inspection, demonstration, testing or the substitution of parts under instructions from the manufacturer, and then repackaged in the original container;

\* \* \*

        g. products which after distribution or sale by you, have been labeled or relabeled or used as a container, part or ingredient of any other thing or substance by or for the vendor;

\* \* \*

(Form CG 20 15, p. 1; Form CG 20 15(B)(1)(d), pp. 1-2; Form CG 20 (B)(1)(g), p. 2)

23. The Policy excludes coverage for: "property damage" to "your product" arising out of it or any part of it. (Form CG 00 01, 2. Exclusions, k, p.6).

24. In relevant part, the Policy defines "your product" as:

**(1)** any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

    **(a)** you;

  **(b)** others trading under your name; or

  **(c)** a person or organization whose business or assets you have acquired; and

**(2)** containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products

(Form CG 00 01, Definitions, Section V.21(a)(1)-(2), p. 20).

25. The Policy includes the following in the definition of "your product":

**(1)** warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product."

(Form CG 00 01, Definitions, Section V.21(b)(1), p. 20).

**COUNT I**
**Declaratory Judgment**

26. Underwriters incorporates herein by reference Paragraphs 1-25 as though fully set forth herein.

27. Underwriters has no duty to defend or indemnify Two Canoes under the Policy because the Gloves are vinyl gloves, and coverage under the Policy, as defined by the Specified Products Liability Restriction, applies only to nitrile gloves sold by Two Canoes.

28. Underwriters has no duty to defend or indemnify Two Canoes under the Policy because of the Additional Insured—Vendors Endorsement. DRE, upon receipt of the Gloves, repackaged and relabeled the Gloves.

29. Underwriters has no duty to defend or indemnify Two Canoes under the Policy because of the Damage to Your Product exclusion. DRE alleges the Gloves were defective, counterfeit, contaminated with foreign items, not created in standard sizes, did not meet durability standards, and unfit for medical or marketable use.

30. There is no other basis under the Policy because of which Two Canoes could be entitled to defense or indemnity in connection with the Underlying Lawsuit.

31. For all of the foregoing reasons, an actual controversy exists between the parties, which vests in the Court the power to declare the rights and liabilities of the parties.

WHEREFORE, Plaintiff Underwriters respectfully requests that this Court enter an order finding that Underwriters has no duty to defend or indemnify Two Canoes in the Underlying Lawsuit, and to provide such other and further relief as this Court deems just and proper.

Dated: March 30, 2022.                                    Respectfully submitted,

*/s/ M. Courtney Koger*
M. Courtney Koger            KS #15271
Taylor M. Thompson           KS #79021
Kutak Rock LLP
2300 Main Street, Suite 800
Kansas City, MO  64108
(816) 960-0090
(816) 960-0041 Facsimile
Courtney.Koger@kutakrock.com
Taylor.Thompson@kutakrock.com
**ATTORNEYS FOR PLAINTIFF**